UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH HINSON,

    Plaintiff,

v.                                                    Case No:  2:14-cv-222-FtM-DNF

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## OPINION AND ORDER

This cause is before the Court on Defendant the Commissioner of the Social Security Administration's Opposed Motion for Entry of Judgment with Remand (Doc. 25) filed on October 22, 2014.  On October 24, 2014, Plaintiff Joseph Hinson filed a Response to Defendant's Motion for Entry of Judgment with Remand (Doc. 26).  Defendant filed a Reply to Plaintiff's Response to Motion for Voluntary Remand (Doc. 28) on October 20, 2014, and on November 14, 2014, Plaintiff filed a Sur-Reply to Defendant's Response to Plaintiff's Response to Defendant's Motion for Entry of Judgment with Remand (Doc. 32).  For the reasons explained below, the Court finds that Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. 25) is due to be **GRANTED**.

Defendant is requesting that this action be remanded to the Commissioner for the following reason:

> Upon remand, an administrative law judge (ALJ) will offer Plaintiff an opportunity for a new hearing and issue a new decision.  The ALJ will also reconsider Plaintiff's residual functional capacity, including whether he requires an assistive device or wheelchair, and, if necessary, seek vocational expert testimony to determine whether there are a significant number of jobs in the national economy that Plaintiff can perform.

(Doc. 25 p. 1). Plaintiff argues that Defendant's reasons for remand are too limited and requests that the Court remand this case for additional reasons. Plaintiff argues that this case should be remanded for the following reasons:

> Upon remand, the Appeals Council will determine if reversal and a grant of benefits is warranted based on the Listings. If so, a finding of disability will be made. The evidence at least raises the reasonable possibility of Administrative Law Judge (ALJ) Larry Butler's bias and abuse of discretion in his adjudication of Plaintiff's case. Therefore, on remand, if the Appeals Council determines that the evidence needs to be considered further, an ALJ other than ALJ Larry Butler will consider Plaintiff's case and issue a new decision. That ALJ will consider the evidence and determine whether the claim can be adjudicated pursuant to the Listings, or, if the claim requires further consideration of the evidence, offer the Plaintiff an opportunity for a new hearing and issue a new decision. The newly assigned ALJ will reconsider Plaintiff's residual functional capacity and also seek vocational expert testimony to determine whether there are a significant number of jobs in the national economy that Plaintiff can perform.

(Doc. 26 p. 2). Thus, Plaintiff agrees with Defendant's reason for remand, but argues that the Court's remand order should contain two additional directives. First, Plaintiff argues that the Court should specifically direct the ALJ to consider the evidence and determine whether Plaintiff's claim can be adjudicated pursuant to the Listings. Second, Plaintiff argues that the Court should specify that an ALJ other than ALJ Larry Butler consider the case.

Defendant argues that it would be unnecessary and redundant to direct the Appeals Council to consider whether Plaintiff's condition meets or equals a Listing because the Commissioner's regulations already require the ALJ to consider whether Plaintiff's condition meets or equals a Listing as part of his new administrative hearing. (Doc. 28 p. 2). Notably, Defendant does <u>not</u> argue that Plaintiff is not entitled to have an ALJ consider whether his condition meets or equals a Listing, but rather that such a consideration will occur as a matter of course pursuant to 20 C.F.R. § 404.1520(a)(4)(iii). (Doc. 28 p. 2). Accordingly, as Plaintiff and Defendant are in agreement that a determination must be made as to whether Plaintiff's condition meets or equals a listing, in an

abundance of caution and in order to provide clarity upon remand, the Court finds it prudent to specify that the ALJ shall consider whether Plaintiff's condition meets or equals a listing.

As to Plaintiff's argument that the Court should specify that a new ALJ must hear the case on remand, Defendant argues that the selection of a new ALJ on remand is a decision for the Commissioner. (Doc. 28 p. 3). Defendant contends that Plaintiff has not shown the selection of a new ALJ is necessary, and thus, the decision should be left with the Commissioner. (Doc. 28 p. 3).

Plaintiff argues this case should be remanded to a new ALJ because there is a possibility that ALJ Butler was biased or abused his discretion in the instant case. (Doc. 26 p. 2). Plaintiff's claim of bias arises from a lawsuit ALJ Butler filed in federal court in February 2014 captioned *Larry Butler v. Carolyn Colvin*, S.D. Fla., Docket 14-60444-cv-Williams/Turnoff (hereinafter referred as "the Lawsuit"). In the Lawsuit, ALJ Butler is suing the Commissioner of Social Security on the grounds that he was improperly reprimanded for not providing interpreters to three social security claimants. In his complaint in the Lawsuit, ALJ Butler alleges that

> a pattern and practice had developed amongst several local representatives of routinely alleging that a claimant required an interpreter at a hearing in order to testify. The reason representatives routinely requested interpreters at hears was to bolter [sic] an argument that the claimant could not "communicate in English" as contemplated by *20 CFR 404.1564(b)(5); 416.964(b)(4)*. If a claimant cannot "communicate in English" application of the "Grids" can result in an award of disability benefits five (5) years earlier than benefits would be awarded to another claimant with an identical medical and vocational profile who can "communicate in English."

(Doc. 22-1 p. 8; ¶13, ALJ Butler's Complaint in the Lawsuit). In an attachment to his Complaint, ALJ Butler indicates that the three cases involved in the reprimand were cases in which Plaintiff's counsel was the claimants' counsel. (Doc. 22 p. 25; Doc. 22-1 p. 57; ALJ Butler's Complaint in the Lawsuit, Attachment Number 6). ALJ Butler also characterizes the requests for interpreters as "an attempt to bolster the illegitimate contention that the claimant cannot 'communicate in English,'" and that such a practice was a "deception." (Doc. 22 p. 26; Doc. 22-1 p. 59).

Given ALJ Butler's comments in the Lawsuit, Plaintiff argues that ALJ Butler could not have afforded him a fair and impartial hearing in this case. Plaintiff contends that ALJ Butler's comments display a deep-seated antagonism for Plaintiff's counsel which renders fair judgment impossible. (Doc. 22 p. 26). Plaintiff argues that at the very least, ALJ Butler's conduct creates a concern that his decision-making ability has been compromised. (Doc. 22 p. 26).

"An administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940. "The impartiality of the ALJ is integral to the integrity of the system." *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996)(citing *Johnson v. Mississippi*, 403 U.S. 212, 216 (1971)). Courts must start from the presumption that administrative adjudicators, such as ALJs are unbiased. *See Schweiker v. McClure*, 456 U.S. 188, 195-196 (1982). This presumption of unbiasedness, however, can be overcome by a showing of conflict of interest or some other specific reason for disqualification. *Id.*

In this case, the Court finds that Plaintiff has failed to overcome the presumption that ALJ Butler's decision was made without bias or prejudice. As Defendant correctly notes, Plaintiff has pointed to nothing in ALJ Butler's decision or in his conduct at the hearing to sustain his burden of showing that the disability review process was compromised. Plaintiff's claim of bias is further undermined by the fact that ALJ Butler rendered his decision in this case on November 29, 2012, well before he filed suit against the Commissioner of Social Security on February 21, 2014.

In addition, the Court rejects Plaintiff's argument that this case is similar to *Miles v. Chater*, 84 F.3d 1397 (11th Cir. 1996), in which the Eleventh Circuit specified that a new ALJ should hear the claimant's case on remand. In *Miles*, an ALJ opined in his decision that he rejected the evaluation of an examining physician because that physician, when performing evaluations for the claimant's attorney, "invariably conclude[s] that the person being examined is totally disabled." *Id.* at 1399. The Eleventh Circuit held that the ALJ's reason for rejecting the physician's opinion

was not supported by any evidence in the case and reflected that the review process was compromised. *Id.*

The facts in this case are significantly different. Whereas in *Miles* the ALJ displayed bias in considering the merits of the claimant's appeal actually before him, in this case there is no evidence that ALJ Butler did anything improper. The only fact that Plaintiff relies on for support is that ALJ Butler cast Plaintiff's attorney in a negative light in a lawsuit filed more than a year after he rendered his decision in this case. Without a showing of actual bias or prejudice in this case, the Court will not include a directive to the Appeals Council to remand this case to a different ALJ. On remand, the selection of a new ALJ will be a decision for the Commissioner to determine. *Hillburn v. Astrue*, 2010 WL 3385135, at *1 (M.D. Fla. Aug. 26, 2010). Accordingly,

**IT IS HEREBY ORDERED:**

1) Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. 25) is **GRANTED** and the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2) Upon remand, the ALJ shall consider the evidence and determine whether the claim can be adjudicated pursuant to the Listings, or, if the claim requires further consideration of the evidence, offer Plaintiff an opportunity for a new hearing and issue a new decision. The ALJ shall reconsider Plaintiff's residual functional capacity, including whether he requires an assistive device or wheelchair, and if necessary, seek vocational expert testimony to determine whether there are significant number of jobs in the national economy that Plaintiff can perform.

3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 1, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties